UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

№ 13-CV-6561 (JFB) (AKT)

SILVER LINE BUILDING PRODUCTS LLC,

Plaintiff,

VERSUS

J-CHANNEL INDUSTRIES CORPORATION,

Defendant.

**MEMORANDUM AND ORDER**
March 24, 2014

JOSEPH F. BIANCO, District Judge:

On November 26, 2013, Silver Line Building Products LLC ("Silver Line" or "plaintiff") commenced this action against J-Channel Industries Corporation ("J-Channel" or "defendant"), seeking a declaratory judgment that windows manufactured, sold, and marketed by Silver Line do not infringe on United States Reissue Patent No. 40,041 ("the '041 patent"). This is the second action filed concerning the alleged infringement of the '041 reissue patent by Silver Line windows. Approximately six weeks before Silver Line commenced this action against J-Channel, on October 9, 2013, J-Channel filed suit against Silver Line's parent company, Andersen Corporation ("Andersen"), in the Eastern District of Tennessee, alleging that Silver Line windows infringe on the '041 patent (the "Tennessee Action"). On December 9, 2013, J-Channel filed in the Tennessee Action an amended complaint, which replaced Andersen with Silver Line as a defendant. On December 23, 2013, Silver Line moved in the Eastern District of Tennessee to transfer the Tennessee Action to this district. That motion remains pending.

Presently before this Court is J-Channel's motion to dismiss, stay, or transfer this action to the Eastern District of Tennessee. For the following reasons, the Court grants J-Channel's motion to stay this action while Silver Line's motion to transfer the Tennessee Action remains pending in the Eastern District of Tennessee. First, the Court determines that the Tennessee Action is the first-filed action under the Federal Circuit's first-to-file rule, which "generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012). As explained *infra*, it is clear that the Tennessee Action was filed first, and both the Tennessee Action and this action involve the same patent and the same allegedly

1

infringing products. In such circumstances, it is inconsequential that Silver Line did not become a party to the Tennessee Action until after it commenced this action. Second, having determined that the Tennessee Action is the first-filed action, the Court considers the applicability of any exception to the general rule favoring adjudication in the forum of the first-filed action. Here, in particular, Silver Line asserts that the balance of convenience factors favors this forum over the Eastern District of Tennessee. Because the Tennessee Action is the first-filed action, the Court concludes that the Eastern District of Tennessee is the more appropriate forum to determine whether an exception to the first-to-file rule applies. Accordingly, the Court stays this action pending a decision on Silver Line's pending motion to transfer venue in the Eastern District of Tennessee.

I. BACKGROUND

A. The Tennessee Action

On October 9, 2013, J-Channel filed suit in the Eastern District of Tennessee against Andersen and Home Depot U.S.A., Inc. ("Home Depot") for infringement of the '041 patent. (*See* Compl., *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, No. 13-CV-606 (E.D. Tenn. Oct. 9, 2013) ("Tenn. Compl.").[1]) Andersen is the parent company of Silver Line, having acquired Silver Line in 2006. (Decl. of Timothy E. Grochocinski ¶ 10, Jan. 15, 2014.) J-Channel alleged that it was the assignee of the '041 reissue patent (Tenn. Compl. ¶ 12), and that Andersen and Home Depot infringed at least one claim of the '041 reissue patent by manufacturing and selling the "Silver Line by Andersen 3000 Series Double-Hung Window" and the "American Craftsman by Andersen 70 Double Hung Fin Vinyl Window" (*id.* ¶¶ 14–15).

J-Channel has filed similar lawsuits in the Eastern District of Tennessee against other defendants for infringement of the '041 reissue patent. Including the Tennessee Action, there are currently twenty-two pending cases in the Eastern District of Tennessee alleging infringement of the '041 reissue patent.[2] On October 17, 2013, Magistrate Judge C. Clifford Shirley, Jr. of the Eastern District of Tennessee found that these twenty-two cases are related because all allege infringement of the '041 reissue patent, and ordered that all twenty-two cases be assigned to a single district court judge and magistrate judge. (*See* Order, ECF No. 6, *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, No. 13-CV-606 (E.D. Tenn. Oct. 17, 2013).)

On November 26, 2013, Andersen moved to dismiss the complaint in the Tennessee Action. Andersen asserted that Silver Line, not Andersen, manufactures, markets, and sells the Silver Line 3000 Series and American Craftsman 70 Series Windows. (*See* Mot. & Mem. of Law, ECF Nos. 15–16, *J-Channel Indus. Corp. v. Home Depot U.S.A., Inc.*, No. 13-CV-606 (E.D. Tenn. Nov. 26, 2013).) On December 9, 2013, after Andersen filed its motion to dismiss, J-

---

[1] The Court takes judicial notice of the Tennessee Action. *See, e.g.*, *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."); *Vaughn v. Consumer Home Mortg. Co., Inc.*, 470 F. Supp. 2d 248, 256 n.8 (E.D.N.Y. 2007) ("It is . . . well established that courts may take judicial notice of court records"), *aff'd*, 297 F. App'x 23 (2d Cir. 2008).

[2] Nos. 13-CV-471, 13-CV-472, 13-CV-473, 13-CV-474, 13-CV-600, 13-CV-601, 13-CV-602, 13-CV-603, 13-CV-604, 13-CV-468, 13-CV-605, 13-CV-606, 13-CV-607, 13-CV-609, 13-CV-610, 13-CV-611, 13-CV-613, 13-CV-614, 13-CV-615, 13-CV-616, 13-CV-617, 13-CV-619.

2

Channel filed an amended complaint against Silver Line and Home Depot for infringement of the '041 reissue patent.

### B. The Instant Action

On November 26, 2013—the same day that Andersen moved to dismiss the complaint in the Tennessee Action—Silver Line filed suit against J-Channel in this Court. Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, Silver Line seeks a declaration that its windows, including the Silver Line 3000 Series Double-Hung Window and the American Craftsman 70 Double Hung Fin Vinyl Window, do not infringe any claim of the '041 reissue patent, and that the '041 reissue patent is invalid and unenforceable. (Compl. ¶ 1.)

On January 15, 2014, J-Channel filed a motion to dismiss, stay, or transfer this action to the Eastern District of Tennessee. Silver Line opposed the motion on February 14, 2014, and J-Channel replied on February 28, 2014. The Court heard oral argument on J-Channel's motion on March 12, 2014. The Court has fully considered the submissions of the parties.

### II. DISCUSSION

### A. Legal Standard

The Federal Circuit has explained that "[t]he 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial*, 681 F.3d at 1299. Specifically, "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Research Corp.*, 737 F.3d 704, 708 (Fed. Cir. 2013). "Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by [the Federal Circuit's] law." *Id.* The Federal Circuit adopted the first-to-file rule for patent cases in *Genentech, Inc. v. Eli Lilly and Co.*, a decision in which the Federal Circuit recognized that the question of whether the second-filed suit should yield to the first-filed suit "raises the issue of national uniformity in patent cases, and invokes the special obligation of the Federal Circuit to avoid creating opportunities for dispositive differences among the regional circuits." 998 F.2d 931, 937 (Fed. Cir. 1993), *overruled on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). "The filing date of an action derives from the filing of the complaint." *Merial*, 681 F.3d at 1299.

Although "the forum of the first-filed case is favored," *Genentech*, 998 F.2d at 937, "exceptions may be made if justified by 'considerations of judicial and litigant economy, and the just and effective disposition of disputes.'" *Futurewei Techs.*, 737 F.3d at 708 (quoting *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005)). These exceptions "are not rare, and are made when justice or expediency requires, as in any issue of choice of forum." *Genentech*, 998 F.2d at 937. More recently, the Federal Circuit has held that a district court's decision to depart from the general rule favoring the first-filed action must take into account "the convenience factors under 28 U.S.C. § 1404(a)." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). Such factors include, but are not limited to, "the convenience and availability of witnesses, the absence of jurisdiction over

all necessary or desirable parties, and the possibility of consolidation with related litigation." *Id.*; *see Genentech*, 998 F.2d at 938. Other convenience factors traditionally considered under 28 U.S.C. § 1404(a) include the plaintiff's choice of forum, the location of relevant documents and relative ease of access to sources of proof, the convenience of the parties, the locus of operative facts, the relative means of the parties, and the forum's familiarity with the governing law. *EasyWeb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342, 348 (E.D.N.Y. 2012).

B. Application

1. First-Filed Action

First, J-Channel and Silver Line dispute whether the Tennessee Action or this action is the first-filed action for purposes of the first-to-file rule. Of course, neither party disputes the obvious: the Tennessee Action was filed first. However, the parties disagree over whether the Tennessee Action qualifies as the first-filed action where Silver Line did not become a party to the Tennessee Action until after this action was filed. To resolve this dispute, the Court must decide whether the first-to-file rule applies only when there are identical parties in concurrent actions. If identical parties are required, as Silver Line contends, then this action would be the first-filed because this Court was the first court to acquire jurisdiction over both J-Channel and Silver Line. As noted *supra*, J-Channel added Silver Line as a defendant to the Tennessee Action after this action was filed. However, if identical parties are not required, as J-Channel maintains, then this Court must assess whether this action and the Tennessee Action otherwise sufficiently overlap, such that the Tennessee Action, which was filed first, would be considered the first-filed action for purposes of the first-to-file rule.

"The Federal Circuit has not expressly stated a view as to whether, in patent cases, the first-to-file rule applies only where the concurrent actions at issue involve identical parties." *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 408 (E.D. Pa. 2008); *see Horton Archery, LLC v. Am. Hunting Innovations, LLC*, No. 09-CV-1604, 2010 WL 395572, at *4 (N.D. Ohio Jan. 27, 2010) (noting lack of direct Federal Circuit authority). Nonetheless, the Federal Circuit has recently indicated, albeit implicitly, that the first-to-file rule does not require identical parties. As noted *supra*, in its most recent explanation of the first-to-file rule, the Federal Circuit held that the first-to-file rule applies "[w]hen two actions that *sufficiently overlap* are filed in different federal district courts, one for infringement and the other for declaratory relief." *Futurewei Techs.*, 737 F.3d at 708 (emphasis added). The Federal Circuit did not state that identical parties are required for the first-to-file rule to apply. Similarly, the Federal Circuit has held that the first-to-file rule "generally favors pursuing only the first-filed action when multiple lawsuits involving *the same claims* are filed in different jurisdictions." *Merial*, 681 F.3d at 1299 (emphasis added). Again, the Federal Circuit did not hold that the rule requires identical parties in the concurrent actions.[3]

Moreover, to the extent that the Federal Circuit has been ambiguous on the matter, district courts confronted with this issue have consistently "found no requirement that the parties in the concurrent actions be the same

---

[3] The Federal Circuit has also noted recently that the first-to-file rule applies "when a complaint involving the same parties and issues has already been filed in another district," *In re Foundations Worldwide, Inc.*, 542 F. App'x 998, 999 (Fed. Cir. 2013); however, that decision does not hold that the first-to-file rule applies *only* when the parties to the two actions are identical.

in order for the first-to-file rule to apply." *Shire U.S.*, 543 F. Supp. 2d at 408; *see, e.g.*, *Proctor & Gamble Co. v. Team Techs., Inc.*, No. 12-CV-552, 2012 WL 5903126, at *2 (S.D. Ohio Nov. 26, 2012); *Interactive Fitness Holdings, LLC, v. Icon Health & Fitness, Inc.*, No. 10-CV-04628-LHK, 2011 WL 1302633, at *3 (N.D. Cal. Apr. 5, 2011); *Horton Archery*, 2010 WL 395572, at *4–5. Instead, those decisions examine whether two concurrent actions "involve the same patent and the same allegedly infringing product," and then determine which of those two actions was filed first. *Shire U.S.*, 543 F. Supp. 2d at 409.

For example, in *Shire*, Johnson Matthey, Inc. and Johnson Matthey PLC (collectively, "Johnson Matthey") had filed a complaint against Noven Pharmaceuticals, Inc. in the Eastern District of Texas, claiming patent infringement. 543 F. Supp. 2d at 406. Shire U.S., Inc. and Shire Pharmaceuticals Ireland Limited (collectively, "Shire") subsequently filed suit against Johnson Matthey in the Eastern District of Pennsylvania, seeking a declaration that Shire did not infringe on the patent at issue in the Texas action. *Id.* Thereafter, Johnson Matthey amended its complaint in the Texas action to add Shire as a defendant. *Id.* The Eastern District of Pennsylvania held that the Texas action was the first-filed, even though Shire was not originally a party to the Texas action, because both the Texas action and the Pennsylvania action involved "the same patent and the same allegedly infringing product," and the Texas action was filed before the Pennsylvania action. *Id.* at 409.

The Court finds the reasoning in *Shire* to be persuasive, particularly in light of the more recent Federal Circuit cases that have emphasized whether two concurrent actions "sufficiently overlap," *Futurewei Techs.*, 737 F.3d at 708, or "involve[e] the same claims," *Merial*, 681 F.3d at 1299. Moreover, as the *Shire* decision noted, "[a] rigid requirement that there be identical parties in the actions at issue would be at odds with the [first-to-file] rule's flexible nature, which the Federal Circuit has emphasized." *Shire U.S.*, 543 F. Supp. 2d at 409 (citing *Genentech*, 998 F.2d at 937–38). Finally, the approach taken in *Shire* and by other district courts in patent cases is consistent with the application of the first-to-file rule in many non-patent cases. *See, e.g.*, *Meeropol v. Nizer*, 505 F.2d 232, 235 (2d Cir. 1974) (noting that the first-to-file rule "is applicable even where the parties in the two actions are not identical"); *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012) ("Importantly, application of the [first-to-file] rule does not require *identical* parties in the cases, but merely requires substantial overlap." (emphasis in original) (internal citations and quotation marks omitted)); *accord Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (noting that the first-to-file rule requires "substantial overlap" but "does not . . . require that cases be identical").[4]

---

[4] Silver Line cites a Ninth Circuit case for the proposition that the parties in the two actions must be identical for the first-to-file rule to apply. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 n.13 (9th Cir. 1991) ("Of course, if the issues or parties involved in the two suits were not the same, adherence to the first-to-file rule would be reversible error for it would constitute a misapplication of the law." (emphasis removed)). (*See* Pl.'s Opp. at 4.) However, in a subsequent, unpublished opinion, the Ninth Circuit stated both that the two actions must involve "the same parties and the issues," but also that "[t]he parties and issues do not need to be exactly identical." *Audio Entm't Network, Inc. v. Am. Tel. & Tel. Co.*, 205 F.3d 1350 (Table), 1999 WL 1269329, at *1 (9th Cir. 1999).

Applying the foregoing principles to the case at bar, the Court concludes that the Tennessee Action is the first-filed action. Even before Silver Line became a party to the Tennessee Action, the Tennessee Action and this action involved the same patent and the same allegedly infringing products. *See, e.g.*, *Shire U.S.*, 543 F. Supp. 2d at 409. Moreover, even though Silver Line was not a party to the Tennessee Action at the outset, its parent corporation was. In these circumstances, the Court concludes that the two actions sufficiently overlapped even before the addition of Silver Line as a party to the Tennessee Action. *See Futurewei Techs.*, 737 F.3d at 708. Because the complaint in the Tennessee Action was filed over six weeks before the filing of the complaint in this action, the Tennessee Action is the first-filed action under Federal Circuit law.[5, 6]

2. Convenience Factors

Having determined that the Tennessee Action is the first-filed action, the Court turns to whether an exception to the first-to-file rule applies. *See, e.g.*, *Futurewei Techs.*, 737 F.3d at 708. In this regard, Silver Line contends that the balance of convenience factors identified by the Federal Circuit favors this forum over the Eastern District of Tennessee.

The Court notes that several convenience factors actually favor the Eastern District of Tennessee over this district. Most significantly in this Court's view, there are twenty-one other cases pending in the Eastern District of Tennessee concerning infringement of the '041 reissue patent, all of which are before one district court judge and one magistrate judge. *See, e.g.*, *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("[W]e have held that a district court's experience with a patent in prior litigation and the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." (citing *In re Vistaprint, Ltd.*, 628 F.3d 1342, 1346–47 & n. 3 (Fed. Cir. 2010))). Moreover, travel to this district would burden two potential witnesses identified by J-Channel: Kendall Sayers and Leland Sayers. Kendall Sayers, the owner of the '041 reissue patent through his company JPat LLC, lives in the Eastern District of Tennessee and declares that it would be a significant burden on himself and his family to travel to this district. (Decl. of Kendall Sayers ¶¶ 2, 8, Jan. 14, 2014.) Leland Sayers, the inventor of the '041 reissue patent and Kendall Sayers's father, lives in Florida but routinely travels to the Eastern District of Tennessee to visit family, and he declares that he does not know if he would be able to travel to this district.[7] (Decl. of Leland Sayers ¶¶ 2, 5–6.) All witnesses identified by Silver Line are located in New Jersey (*see* Decl. of Andy Karr ¶¶ 11, 15, 18–22, Feb. 13, 2014), and, therefore, those witnesses would bear

---

[5] In other words, because the first-to-file rule does not require identical parties to both actions, even if Silver Line had never been added as a party to the Tennessee Action, this Court would have held that the first-to-file rule applied, and would have recognized the Tennessee Action as the first-filed. The fact that Silver Line was, in fact, subsequently added to the Tennessee Action is thus inconsequential.

[6] Because the Court decides that the Tennessee Action is the first-filed on the grounds that it sufficiently overlaps with the instant action, the Court need not reach J-Channel's alternative argument that its addition of Silver Line as a defendant in the Tennessee Action should relate back to the filing of the original complaint.

[7] Florida is more than 100 miles from this district and the Eastern District of Tennessee (*see* Decl. of Timothy E. Grochocinski ¶ 4 & Ex. 5, Jan. 15, 2014), and Rules 45(b)(2) and 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure prohibit a subpoena from directing a witness to travel more than 100 miles. Accordingly, neither this court nor the Eastern District of Tennessee could compel Leland Sayers to testify at trial.

the burden of traveling to a different judicial district whether litigation occurs in this district or in the Eastern District of Tennessee. Thus, the convenience of witnesses appears to favor the Eastern District of Tennessee as a forum. *See, e.g.*, *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D.N.Y. 2006) (holding that the convenience of witnesses favored transfer from New York to Tennessee, where transfer would relieve certain witnesses from any travel, and other witnesses would have to travel whether litigation occurred in New York or Tennessee). Other factors, such as the location of relevant documents, the locus of operative facts,[8] and each forum's familiarity with governing law, are more neutral. *See, e.g.*, *EasyWeb Innovations*, 888 F. Supp. 2d at 352 (location of documents is largely neutral "given the technological age in which we live, with the widespread use of, among other things, electronic document production"), 354 (locus of operative facts is a neutral factor where patent-in-suit was developed in one district, and the allegedly infringing product was designed, developed, and produced in the other district); *Neil Bros.*, 425 F. Supp. 2d at 333 ("Where, as here, the law to be applied is federal patent law, the factor is neutral.").

However, the Eastern District of Tennessee, and not this Court, is the appropriate forum to balance all relevant convenience factors and determine whether they warrant departure from the first-to-file rule's presumption favoring the forum of the first-filed action. "The first-to-file rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate." *EMC Corp. v. Parallel Iron, LLC*, 914 F. Supp. 2d 125, 129 (D. Mass. 2012) [hereinafter *Parallel Iron*] (applying Federal Circuit law) (emphasis in original); *see, e.g.*, *Cellectis S.A. v. Precision Biosciences, Inc.*, 881 F. Supp. 2d 609, 613 (D. Del. 2012) (concluding that first-filed forum should "determine whether exceptions to the first-filed rule apply"); *EMC Corp. v. Bright Response, LLC*, No. C-12-2841-EMC, 2012 WL 4097707, at *5 (N.D. Cal. Sept. 17, 2012) [hereinafter *Bright Response*] (applying Federal Circuit law, concluding that "resolution of whether any exceptions should trump the rule is best determined by the [court in which the first action was filed]"); *Mycone Dental Supply Co., Inc. v. Creative Nail Design, Inc.*, Civil Action No. 11-4380 (JBS/KMW), 2012 WL 1495496, at *1 (D.N.J. Apr. 26, 2012) (in patent case, concluding that "[t]he same considerations of comity and efficiency that animate the First-filed Rule also dictate that the court in which the matter was first-filed should be the forum to determine which court is the more appropriate forum to ultimately adjudicate the merits of this matter"); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 11-15068, 2012 WL 314049, at *6 (E.D. Mich. Jan. 31, 2012) ("[T]he determination of the appropriate venue for this dispute should not be made in this court. Rather, that decision should be left to the Central District of California as the first-filed court."); *Genentech, Inc. v. GlaxoSmithKline LLC*, No. 10-CV-04255-JF, 2010 WL 4923954, at *4 (N.D. Cal. Dec. 1, 2010) [hereinafter *GlaxoSmithKline*] (holding that "the court with jurisdiction over the first-filed action should weigh the

---

[8] The '041 reissue patent was developed in Knoxville, Tennessee. (Decl. of Leland Sayers ¶¶ 3–4, Jan. 14, 2014.) The allegedly infringing windows were designed and developed in Silver Line's North Brunswick, New Jersey facility; the windows at issue are manufactured in New Jersey and Ohio; and the windows are sold in the Northeast and Mid-Atlantic, New York being the biggest market. (Decl. of Andy Karr ¶¶ 9–10, 12, 16, Feb. 13, 2014.)

convenience factors in the first instance").[9] Many courts follow the same approach in non-patent cases. *See, e.g.*, *Parallel Iron*, 914 F. Supp. 2d at 129 ("Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action.") (collecting cases); *Bank of Am., N.A. v. Sorensen*, No. 12-CV-1026 (TS), 2013 WL 5295677, at *2 (D. Utah Sept. 19, 2013) ("Other courts have stayed second-filed declaratory judgment actions and declined to consider contentions that it would be more convenient to litigate a case in a second-filed forum pending ruling on those issues in the first-filed forum."); *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 54 n.2 (S.D.N.Y. 2001) ("The court in which the first-filed case was brought decides whether the first-filed rule or an exception to the first-filed rule applies."); *see also Congregation Shearith Israel v. Congregation Jeshuat Israel*, --- F. Supp. 2d ----, No. 12-CV-8406 (MGC), 2014 WL 349496, at *2 (S.D.N.Y. Jan. 31, 2014) (noting Southern District of New York's "bright-line rule" that the first-filed forum decides whether exception to first-to-file rule applies).

This principle of deferring to the first-filed forum comports "with the basic principles of promoting judicial efficiency and avoiding duplicative litigation that underlie the first-to-file doctrine." *Parallel Iron*, 914 F. Supp. 2d at 130. As the District of Massachusetts has noted, if the second-filed court were to determine that an exception to the first-to-file rule applied, "it would have no authority to reach out and grab" the first-filed action. *Id.*; *see, e.g.*, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 720 (2d Cir. 2010) (noting that § 1404(a) does not "allow for an action to be transferred by another district court before whom the action is not then pending"); *Nat'l Equip. Rental, Ltd. v. Fowler*, 287 F.2d 43, 46–47 (2d Cir. 1961) ("The administration of justice would be chaotic indeed if one district court could order another to divest itself of jurisdiction and to transfer a case properly before it."). Instead, the first-filed court would have to decide for itself whether to transfer the first-filed action to the second-filed court, which would require "an entirely duplicative round of briefing by the parties and analysis by the court." *Parallel Iron*, 914 F. Supp. 2d at 130; *see also GlaxoSmithKline*, 2010 WL 4923954, at *4 ("[J]ust as the administration of justice would be chaotic indeed if one district court could order another pursuant to § 1404(a) to divest itself of jurisdiction and to transfer a case properly before it, the same risk is present where the court in a second-filed action considers the convenience factors in connection with a motion to dismiss pursuant to the first-to-file rule." (internal quotation marks, brackets, and citations omitted)).

Turning to the instant case, the Court has determined *supra* that the Tennessee Action is the first-filed action. Accordingly, the Court defers to the Eastern District of Tennessee for a determination of whether the convenience factors under 28 U.S.C. § 1404(a) warrant departure from the first-to-file rule. Significantly, the Court notes that a

---

[9] As noted *supra*, the Federal Circuit held in *Micron* that a court considering exceptions to the first-to-file rule must weigh the convenience factors under 28 U.S.C. § 1404(a). *See* 518 F.3d at 904. "However, *Micron* says nothing about which court should make that determination. Because *Micron*'s holding was directed to the court hearing the first-filed action, the Federal Circuit did not consider the instant situation, in which the court in the second-filed action is asked to weigh the convenience factors." *GlaxoSmithKline*, 2010 WL 4923954, at *4; *see Parallel Iron*, 914 F. Supp. 2d at 129 ("This Court believes that the Federal Circuit's decision [in *Micron*] is best understood as controlling how a first-filed court should apply the first-to-file rule, not which court is best positioned to conduct that analysis.").

motion to transfer "is already fully briefed and pending before the [first-filed court]; for this Court to issue a ruling would risk inconsistent results, exactly the outcome to be avoided by the rule in the first place." *Bright Response*, 2012 WL 4097707, at *3. Because the Court defers to the Eastern District of Tennessee, the Court stays this action pending the Eastern District of Tennessee's decision on Silver Line's motion to transfer the Tennessee Action. *See, e.g.*, *Parallel Iron*, 914 F. Supp. 2d at 130 (staying second-filed action pending decision by first-filed court on any challenges to venue); *Cellectis S.A.*, 881 F. Supp. 2d at 613 (same); *Bright Response*, 2012 WL 4097707, at *5 (same); *Mycone Dental Supply Co., Inc.*, 2012 WL 1495496, at *2 (same); *GlaxoSmithKline*, 2010 WL 4923954, at *4 (same).

### IV. CONCLUSION

For the reasons set forth herein, the Court grants J-Channels' motion to stay this action. Specifically, the Court stays this action pending resolution of Silver Line's motion to transfer the Tennessee Action to this district, which is pending in the Eastern District of Tennessee.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 24, 2014
 Central Islip, NY

\* \* \*

Silver Line is represented by Annie Huang, Becky Thorson, and Ronald J. Schutz, Robins, Kaplan, Miller & Ciresi, 601 Lexington Avenue, Suite 3400, New York, NY 10022. J-Channel is represented by Timothy Grochocinski and Joseph P. Oldaker, InnovaLaw, PC, 1900 Ravinia Place, Orland Park, IL 60462, and Gregory O. Koerner, Koerner Law Firm, 111 John Street, Suite 230, New York, NY 10038.